

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2007

# Setiawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Setiawan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 893.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/893

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

—————

NO. 06-2892

—————

ROY SETIAWAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

—————

On Petition for Review of an Order of the Board of Immigration Appeals
No. A960-264-443
Immigration Judge:  Hon. Donald V. Ferlise

—————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2007

BEFORE:  McKEE, STAPLETON and NYGAARD,
Circuit Judges

(Filed: June 22, 2007)

—————

STAPLETON, Circuit Judge:

Roy Setiawan petitions this court for review of a final order of removal of the Board of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we will deny the petition for review.

I

Setiawan is 27 years old, a Christian, and an ethnic Chinese citizen of Indonesia. He came to the United States from Indonesia in August 2000, and received a visitor's visa authorizing him to stay for six months. Setiawan overstayed, however, and applied for asylum in March 2003. On April 30, 2003, the Immigration and Naturalization Service (now the Department of Homeland Security) served him with a Notice to Appear and instituted removal proceedings against him. Setiawan conceded removability and requested asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After an initial hearing in 2003, the Immigration Judge (IJ) denied Setiawan's application for asylum as time-barred. On January 25, 2005, the Immigration Court held a hearing on Setiawan's application for withholding of removal and protection under the CAT, at which Setiawan testified and presented evidence.

According to Setiawan's testimony at the hearing, while he lived in Indonesia, he

was subjected to discrimination, harassment, insults, and physical abuse in Indonesia because he is Christian and ethnic Chinese. He testified that when he was a small child, his family had his name changed from a Chinese name to an Indonesian name, because they thought the process of registering him for school would go more smoothly. His friends and classmates would occasionally let the air out of his bicycle tires to harass him. When he was 13, a group of Indonesian children called him names, pushed him to the ground, and damaged his bicycle. Setiawan also stated that his family owns a bus company, and that they were often forced to pay bribes and extra money to corrupt government officials because they are Chinese. In May 1998, there were political riots in many parts of Indonesia, and rioters throwing rocks broke windows on two of his family's buses.

Setiawan also described a July 1998 confrontation between parishioners of his church and Muslims at a nearby mosque. The Muslims accused Setiawan's fellow parishioners of making too much noise and disturbing their prayers when the parishioners rode their motorcycles to church. The following day, some of the Muslims went to Setiawan's church, beat three of Setiawan's friends, and burned part of the church. Although Setiawan's fellow parishioners had reported previous incidents of harassments to the police, they did not report the July 1998 incident.

Setiawan testified that he fears returning to Indonesia because his church may be bombed and he could be killed, though he admitted that his family still lives in Indonesia

and still owns the bus company.

At the close of the hearing, the IJ denied Setiawan's claim for withholding of removal and his CAT claim. Although the IJ found Setiawan generally credible, he stated that the incidents Setiawan described did not amount to past persecution, because they were not severe enough, because some of them were not motivated by his religion or ethnicity, and because Setiawan had not proven that they were committed by the government or by forces the government is unwilling or unable to control. The IJ also found that Setiawan had not shown that there was a reasonable likelihood that he would be persecuted or tortured if he returned to Indonesia. The IJ found, however, that Setiawan was eligible for voluntary departure.

Setiawan appealed to the BIA. On May 2, 2006, the BIA affirmed, adopting the IJ's decision, and also affirming the IJ's denial of Setiawan's asylum application as time-barred. Setiawan petitions this court for review, challenging only the BIA's denial of his request for withholding of removal.

## II

This Court reviews the IJ's findings of fact[1] for "substantial evidence," and we will uphold the IJ's decision unless the evidence "was so compelling that no reasonable factfinder could fail to find the alien eligible for . . . withholding of removal." *Lie v.*

---

[1]When the BIA issues an affirmance without opinion, we review the IJ's opinion and scrutinize its reasoning. *Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004) (citing *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc)).

4

*Ashcroft*, 396 F.3d 530, 534 n.3 (3d Cir. 2005) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 480 (1992)).

Setiawan's first argument is that he established his entitlement to withholding of removal under 8 U.S.C. § 1231(b)(3) through his testimony—which the IJ found credible—that he had suffered past persecution, and that he was therefore entitled to a rebuttable presumption that he has a well-grounded fear of future persecution upon his return to Indonesia, *see Ghebrehiwot v. Att'y Gen.*, 467 F.3d 344, 351 (3d Cir. 2006); 8 C.F.R. §§ 208.16(b)(1)(ii), 1208.16(b)(1)(ii) (2007). Setiawan argues that the IJ erred in holding otherwise. We disagree because substantial evidence supports the IJ's findings in support of its conclusion that the incidents Setiawan described do not constitute persecution.

One of the elements of past persecution is that the incidents of which the petitioner complains must be so severe as to constitute threats to life or freedom. *See Lie v. Ashcroft*, 396 F.3d 530, 534-35 (3d Cir. 2005); *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Not all physical harm constitutes persecution, *see Voci v. Gonzales*, 409 F.3d 607 (3d Cir. 2005); *Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir. 2004), and this court has distinguished between persecution and random incidents of minor crime. *Lie*, 396 F.3d at 536. With the possible exception of the burning of the church, the IJ's finding that the incidents of which Setiawan complained were not sufficient to constitute persecution is

5

clearly supported by substantial evidence.

Another element of past persecution, however, is that the incidents must have been committed by the government or by forces the government is unwilling or unable to control. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The IJ's finding that the church burning incident did not meet this requirement is supported by substantial evidence. Although the failure of Setiawan's fellow parishioners to report the church burning to the police may be circumstantial evidence that the government was unwilling or unable to protect them from their assailants, the IJ reasonably found that evidence insufficient, and found that the failure to call the police was unreasonable under the circumstances. As the IJ noted, Setiawan testified that the parishioners had previously reported a rock-throwing incident to the police, and Setiawan did not provide much in the way of explanation as to why the parishioners did not report the burning incident. Moreover, the other documents in the record, including State Department reports, reflect that the Indonesian government is not generally indifferent to violence against Christians and ethnic Chinese.

Setiawan's second argument is that regardless of whether he has shown that he was the victim of past persecution, he is entitled to withholding of removal because he has shown that is a pattern or practice in Indonesia of persecuting a group—Christians and ethnic Chinese—of which Setiawan is a member. *See* 8 C.F.R. §§ 208.16(b)(2)(i)-(ii), 1208.16(b)(2)(i)-(ii). We reject this argument because the IJ's finding that Setiawan

6

did not make such a showing is supported by substantial evidence. As the IJ noted, the State Department reports and other documents in the record show that while there are some parts of Indonesia in which there is uncontrolled violence in which government actors may be complicit, those areas are nearly 1,000 miles from the island of Java, where Setiawan lived. In the less remote areas of Indonesia, such as the island of Java, the government has been considerably more successful in preventing acts of religious and ethnically-motivated violence and has made progress in recent years toward promoting religious freedom.

III

For the foregoing reasons, we will deny Setiawan's petition for review.